IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-0075-CV-W-HFS |
| | ) | |
| BABCOCK & WILCOX CONSTRUCTION | ) | |
| CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On November 3, 2004, the court entered an order staying this case for 6 months due to plaintiff's mental problems that prevented him from assisting his attorney J. Mikeal Hagerdon in prosecuting his case. The order stated that if and when plaintiff regained his mental faculties, his attorney would be required to promptly file a status report to that effect. The order also stated that if plaintiff did not recover by the stay's end, plaintiff's attorney would be required to file a status report by May 6, 2005, indicating whether the court should dismiss plaintiff's case without prejudice for want of prosecution, or whether the appropriate state court had appointed a representative to proceed with the case on plaintiff's behalf. In the interim, the court entered an order on March 18, 2005, which stated in part that "failure to timely file the required status report will result in dismissal of this case without further notice."

During the stay period, plaintiff's attorney did not notify the court that his client had regained his mental faculties such that he could assist in this prosecution. After the stay period, the May 6, 2005 status report deadline came and went and plaintiff's attorney filed nothing. Then, on May 17, 2005, plaintiff's attorney belatedly filed a status report. The report states that according to a

Competency Evaluation Assessment prepared by Dr. James B. Reynolds, plaintiff "is now able to assist in his defense and is competent to stand trial" in an unrelated criminal case. Based on this information, the court finds that plaintiff has regained his mental faculties such that he can assist his attorney in the prosecution of this civil case as well. Therefore, the stay will be lifted.

The court notes that plaintiff's attorney has consistently failed to make timely filings and in some instances failed to file anything at all. He never filed his client's witness and exhibit lists, which were due on August 2, 2004; and he never filed a response to defendant Babcock & Wilcox Construction Co., Inc.'s summary judgment motion, which was due on August 18, 2004. He did ultimately request a continuance based on his client's mental problems, but that did not occur until roughly 6 weeks after the summary judgment response deadline. Most recently, he missed the status report deadline of May 6, 2005 by more than a week, which is difficult to understand given that the competency report was available as of April 14, 2005. Plaintiff's attorney's casual approach to the prosecution of this case is unacceptable and demonstrates complete disregard for court deadlines. The court will no longer tolerate this behavior. To that end, plaintiff's attorney is hereby warned that late filings will be stricken without further notice. In addition, the court will impose monetary sanctions upon plaintiff's attorney personally for making late filings or for failing to make the filings at all.

Because plaintiff can now assist his attorney, plaintiff must file his witness and exhibit lists within 14 days of the date of this order. In addition, plaintiff must file a response to defendant Babcock & Wilcox's summary judgment motion within 30 days of the date of this order. As indicated above, these deadlines are not negotiable.

Accordingly, it is hereby

ORDERED that the stay of all proceedings in this case is lifted. Defendant Babcock & Wilcox's motion for summary judgment, which was earlier denied without prejudice due to the stay, is hereby reinstated. It is further

ORDERED that plaintiff shall file his witness and exhibit lists within 14 days of the date of this order. No further extensions will be granted. It is further

ORDERED that plaintiff shall file his response to defendant Babcock & Wilcox's motion for summary judgment within 30 days of the date of this order. No further extensions will be granted.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May 18, 2005

Kansas City, Missouri